IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF FLORIDA

Michael T. Rand

    Plaintiff

      Vs.

United States Department of Justice
Executive Office of US Attorneys
950 Pennsylvania Avenue, NW
Washington, DC 20530

United States Securities and Exchange Commission
100 F Street, NE
Washington, DC 20549

United States Department of Justice
Federal Bureau of Investigation
935 Pennsylvania Avenue, NW
Washington, DC 20530


    Defendants

FILED BY _____ D.C.

APR 2 8 2023

ANGELA E. NOBLE
CLERK U.S. DIST. CT.
S. D. OF FLA. - MIAMI

## COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF

Now comes Michael T. Rand, ("Rand", "Complainant" or "Plaintiff"), and hereby files this

Complaint for Declaratory and Injunctive Relief against various named Government Agencies

and components: United States Department of Justice – Executive Office of US Attorneys

("EOUSA"), United States Securities and Exchange Commission ("SEC"), and the United States

1

Department of Justice – Federal Bureau of Investigation ("FBI") collectively referred to as the Defendants.

## **NATURE OF ACTION**

1.  This is an action brought under the Freedom of Information Act ("FOIA"), 5 U.S.C. Section 552 et seq. and the Privacy Act of 1974 ("Privacy Act"), 5 U.S.C. Section 552a et seq. to compel Defendants to comply with FOIA and the Privacy Act, including the production of records requested by Rand of each Defendant. Each Defendant is statutorily mandated to comply with FOIA and the Privacy Act. Rand claims that each of the Defendants have improperly withheld agency records.

2.  The Freedom of Information Act provides that federal agencies "upon any request for records which (i) reasonably describes such records and (ii) is made in accordance with published rules....shall make the records **promptly available** 5 U.S.C. Section 552(a)(3)(A) (emphasis added). Promptly typically would mean within days or a few weeks of a "determination", not months or years. "FOIA requires an agency that has not made prompt production to explain the delinquency" citing 5 U.S.C. Section 552(a)(6)(C)(i).

3.  An agency's compliance with FOIA depends upon its "good faith and due diligence...to comply with all lawful demands (for records) in as short a time as is possible". Citing *Citizens for Responsibility & Ethics in Washington v. FEC*, 711 F.3d 180, 190 (D.C. Circuit 2013), the FOIA status "does not allow agencies to keep FOIA requests bottled up for months or years on end while avoiding any judicial oversight".

2

## JURISDICTION AND VENUE

4. This Court has jurisdiction over this action pursuant to 5 U.S.C. Section 552(a)(4)(B), 5 U.S.C. 552(a)(g)(5) and 28 U.S.C. Section 1331.

5. Venue is proper in the Southern District of Florida under 5 U.S.C. Section 552(a)(4)(B) and 5 U.S.C. Section 552(a)(g)(5).

6. Further, the Court has jurisdiction as each of the Agencies has created or obtained the records sought and thus the records are considered Agency records.

## THE PARTIES

7. Rand is currently under supervised release by the United States Probation Office. He completed service of his federal sentence on January 13, 2023. He was released from Montgomery Federal Prison Camp on March 31, 2021, and soon thereafter began researching the process to request documents under FOIA/The Privacy Act which he claimed in his habeas corpus proceedings to have been withheld from production during his criminal proceedings years earlier. He began filing his requests in July 2021. Each of his requests has been acknowledged by the Defendants, but no documents have been produced. In general, his requests cover documents related to his prior employer's internal investigation of Rand (and other alleged unindicted co-conspirators) irrefutably shared with the Agencies by Rand's former employer's outside counsel as well as various communications between and among his former employer's outside counsel and the Defendants, and investigatory documents covered by The Privacy Act such as Rand's FBI Investigative File. See Appendix for a list of pertinent unanswered FOIA and Privacy Act requests.

3

8. Each of the Defendants named in this Complaint are agencies or components of the Government of the United States of America and each is believed to have possession and control over the agency documents and records that are the subject of Rand's FOIA and Privacy Act requests.

## **FACTUAL BACKGROUND AS TO ALL DEFENDANTS**

9. Subsequent to Rand's March 31, 2021, release from FPC Montgomery to CARES ACT home confinement, Rand made a series of compliant and punctilious requests under both FOIA and the Privacy Act to each of the named Defendants.  Rand requested an expedited track for a majority of the requests.  Rand referred to "impairment and substantial loss of his due process rights and the otherwise unavailability of the requested records" in seeking expedited treatment.  Rand further explained his rationale for the propriety of expedited treatment by claiming that the loss of his Fifth Amendment Due Process rights emanated from prosecutorial misconduct violations under *Brady vs Maryland,* 373 U.S. 83 (1963) and *Giglio vs. United States,* 405 U.S. 150 (1972) and their progeny.  Rand avers there is absolutely no doubt that the documents withheld contain a plethora of *Brady* material, as (1) he is in possession of other official documents from the internal investigation which specifically refer to the documents' sought exculpatory nature; and (2) short snippets from the interviews sought were included in auditor workpapers provided in discovery in Rand's civil proceeding with the SEC, and such interview snippets contain statements both from government witnesses who testified against Rand and statements from other alleged co-conspirator hearsay declarants who did not testify which are completely antithetical to the

4

Government's theory of its case against Rand. Should the Court request, Rand will provide the Court details of the Western District of North Carolina US Attorney's Office's (mis)conduct regarding Rand's attempts to obtain the documents sought in his criminal proceeding.

10. The Defendant Agencies denied these specific requests for expedited treatment, or in limited instances communicated to Rand that Rand's requests did not meet the Due Process criteria within their Agency. Rand subsequently filed an Administrative Appeal on this finding, but his appeal was again denied.

11. The Complaint has become necessary due to each of the Defendants' failure to comply with various aspects of FOIA and The Privacy Act, most notably their failure to produce **any** records detailed in Rand's FOIA and Privacy Act Requests which date back to as early as July 2021. Given the Agencies' failure to respond, Rand need not exhaust his administrative remedies prior to filing his complaint. See "*See Citizens for Responsibility & Ethics v. Fed. Election Comm'n,* 711 F. 3d 180, 184 (D.C.Cir.2013) (citing 5 U.S.C. Section 552(a) (6)(C)(i))" *Pinson v. U.S. Dept. of Justice*, 69 F. Supp. 3d 125, 131 (D.D.C. 2014).

12. None of the Agency defendants has to this date claimed any exemption related to Rand's requests. The SEC wrote to Rand in letters dated August 17, 2022, and September 2, 2022, that they have identified records which may be responsive to his request but have not provided Plaintiff with any further update.

13. DOJ FOIA Regulations explain that a requester must describe the records sought in sufficient detail to enable Department personnel to locate them with a reasonable amount of effort.

If, however, the DOJ component receives a request that it "determines ...does not reasonably describe the records sought, the component *shall* inform the requester what additional information is needed or why the request is otherwise insufficient". The Defendants have not notified Plaintiff of any perceived deficiencies in his requests. Rand asserts any attorney client privilege was waived pursuant to *SEC v. Herrera*, 324 F.R.D 258 (S.D. Fla. 2017), a matter involving a similar fact pattern.

14. The FBI wrote to Rand in a letter dated October 26, 2022, they have located approximately 10,581 pages of records subject to the FOIPA that are potentially responsive to the subject of his request as well as a number of audio recordings. Plaintiff emailed the FBI FOIA Custodian on December 5, 2022 and received a same day reply from the Public Information Officer FBI Information Management Division, "The request is presently in Initial processing where the assigned analyst is searching for, retrieving and reviewing potentially responsive records....The estimated date on which the FBI will completion action on your request is **2,011 days** from the date the FBI opened your request. Once the search has been completed, you may request an estimated date of completion".

15. Plaintiff contacted his United States Senator, the Honorable Marco Rubio, in 2021 to assist him in obtaining the documents sought under FOIA/The Privacy Act. Rubio initiated a Congressional Inquiry in the fall of 2021 and contacted the Department of Justice. Norman Wong, Principal Deputy Director in the EOUSA, replied to the Senator in November 2021 that the EOUSA staff estimated a response within 90 to 120 days of his letter, i.e., by mid-March 2022.

16. Continuing to pursue measures to avoid this litigation, Rand reconnected with Senator Rubio's office in August 2022, notified the Senator's office he had still had not received the documents sought and promised by the DOJ almost a year earlier, and requested the Senator's office to re-engage with the EOUSA, which the Senator's office agreed to undertake. Norman Wong again replied to the Senator's Office in March 2023 with a letter backdated to October 28, 2022, and notified the Senator that the EOUSA FOIA staff estimated the completion of Rand's FOIA requests in 120 to 180 days or by April 22, 2023. This second deadline has now passed.

17. In addition, also to avert the necessity of this litigation, Rand sought assistance from the EOUSA FOIA liaison, Ms. Arla Witte-Simpson, via correspondence and several phone messages left for Ms. Simpson, the EOUSA official appointed and responsible for assistance in reducing delays, increasing transparency, understanding the status of requests and assisting in the resolution of disputes. Rand, however, has to date received no response from the EOUSA FOIA liaison office via mail, email or phone.

## ATTORNEY GENERAL MERRICK GARLAND ISSUED NEW FOIA GUIDELINES ON MARCH 15, 2022, TO FAVOR DISCLOSURE AND TRANSPARENCY

18. The Attorney General's FOIA guidelines which were announced in a March 15, 2022, memorandum, (the "Memorandum") direct the heads of all executive branch departments and agencies to apply a presumption of openness in administering the FOIA and make clear that the Justice Department will not defend nondisclosure decisions that fail to do so.

7

19. According to the Memorandum, citing 5 U.S.C. Section 552(a)(8)(A)(i), "A federal agency may withhold responsive records only if: (1) the agency reasonably foresees that disclosure would harm an interest protected by one of the nine exemptions that FOIA enumerates; or (2) disclosure is prohibited by law".

20. The Memorandum went on to add, "Information that might technically fall within an exemption should not be withheld from a FOIA request unless the agency can identify a foreseeable harm or legal bar to disclosure. In case of doubt, openness should prevail".

21. The Memorandum continued, and addressed some communication requirements on the Agencies' part, none of which have been complied with in the instant matter. "To help ensure proper application of the foreseeable harm standard, agencies should confirm in response letters to FOIA requesters that they have considered the foreseeable harm standard when reviewing records and applying FOIA exemptions. In determining whether to defend an agency's nondisclosure decision, the Justice Department will apply the presumption of openness described above. The Justice Department will not defend nondisclosure decisions that are inconsistent with FOIA or these guidelines."

22. "The burden is on the agency to sustain a decision to withhold records under those exemptions. Nor may agencies withhold information based merely on speculative or abstract fears or fears of embarrassment."

23. Also relevant, the Memorandum added, "Timely disclosure of records is also essential to the core purpose of FOIA. Agencies must have effective systems in place for responding to requests in a timely manner…Transparency in government operations is a priority of this Administration and this Department. We stand ready to work with each of you to make real

8

the Freedom of Information Act's promise of a government that is open and accountable to the American people".

## **FOIA AND PRIVACY ACT REQUESTS AWAITING RESPONSES**

24. Refer to the Appendix for a complete list of outstanding FOIA and Privacy Act requests giving rise to this Complaint. Rand's requests generally cover various aspects of the Agencies' investigation of Rand including but not limited to: (a) internal investigation witness interviews voluntarily shared with the Agencies (thereby waiving all privileges except attorney opinion work product) along with the corresponding presentations made to the respective Agencies by Rand's former employer's outside counsel, and notes taken during such presentations; (b) correspondence between and among Rand's attorneys and the Agencies as well as intra-agency communications regarding the conflicts of interests of both Rand's second trial attorneys and the Western District of North Carolina (WDNC) United States Attorney overseeing the WDNC United States Attorney's Office handling Rand's investigation and prosecution; and (c) Rand's FBI case file.[1]

---

[1] Rand claimed in his habeas proceedings that his second trial attorneys suffered from an actual conflict of interest because an associate of theirs in the same office of their firm had been the investigating AUSA whom Rand (and his counsel) claimed committed several forms of prosecutorial misconduct. Rand was unaware until he was on home confinement that the US Attorney, Anne Tompkins, overseeing the WDNC USAO handling his matter had been actively involved in the internal investigation as a lead partner. Thus Ms. Tompkins succeeded in exonerating the top officials of Rand's employer, and months later, her WDNC prosecuted Rand for conspiring with the same exonerated executives.

25. Rand avers that he has fulfilled his responsibility to frame his requests with sufficient particularity (nor has any of the Agencies raised this objection or any other to outstanding requests).

26. The exact status of each request is unknown as Rand's USER ID was recently disabled by the EOUSA FOIA website.

## HARM CAUSED

27. The Agencies' failure to provide the withheld documents has caused irreparable harm as Rand has been prevented from pursuing legal remedies. The failure to produce documents has led to reputational harm and impacted his employment prospects and hindered other opportunities.

## CLAIMS FOR RELIEF

28. Rand is entitled to a declaration that each of the Defendant Agencies have failed to respond to each of his FOIA and Privacy Act requests or asserted any exemption which would qualify withholding such records sought. Defendants have violated FOIA and The Privacy Act, and their actions are unlawful and of bad faith. Rand recognizes that the Government's responsibilities under *Brady v. Maryland* do not alter the Government's responsibilities under FOIA.

29. Rand is entitled to a declaration that each of the Defendant Agencies have failed to provide Plaintiff a detail of the searches conducted by each to determine the existence of records

responsive to his FOIA and Privacy Act requests and that such failure violates FOIA and the Privacy Act and is unlawful and of bad faith.

30. Upon information and belief, the records sought in Rand's FOIA and Privacy Act requests are in the custody and control of each of the agencies named herein as Defendants and are not subject to any valid claim of exemption allowing them to be withheld.

31. Rand has a legal right under FOIA and the Privacy Act to obtain the information and records he seeks and there is no legal basis for the Defendant's implicit denial of his requests.

32. An actual and justiciable controversy exists in that the Defendants have failed to disclose and produce the records sought in Rand's requests although they have a statutory duty to do so.

33. As a result of the foregoing, Rand is entitled to a declaration that each of the Defendants is obligated to provide him with copies of the records sought in his FOIA and Privacy Act requests. Rand requests expeditious proceedings.

34. Rand requests that the Court award Rand his costs and (future) attorney fees in this action as provided by 5 USC Section 552(a)(4)(E) and 5 USC Section 552(a)(g)(2)(B) and grants such other and further relief as the Court may deem just and proper. In support of this claim, citing *Brayton v. Office of the United States Trade Representative*, 641 F.3d 521 (D.C. Cir. 2011), Rand claims that under law, the Agencies were not justified in withholding the documents requested, and further, no Agency to date has claimed any exemption.

35. Courts have held "unreasonable delays in disclosing non-exempt documents violate the intent and purpose of the FOIA, and the courts have a duty to prevent such abuses".

11

Respectfully submitted,

Michael Rand

419 North Federal Highway
Apartment 413
Hallandale Beach, FL 33009
Phone: 954-758-0495
Email address: Rod859mtr@yahoo.com

Dated: 4/26/2023

# CITATIONS

*Brady vs Maryland,* 373 U.S. 83 (1963)       4

*Brayton v. Office of the United States Trade Representative*, 641 F.3d 521 (D.C. Cir. 2011)  11

*Citizens for Responsibility & Ethics in Washington v. FEC*, 711 F.3d 180, 190 (D.C. Circuit 2013)

                 2, 5

*Giglio vs. United States,* 405 U.S. 150 (1972)      4

*Pinson v. U.S. Dept. of Justice*, 69 F. Supp. 3d 125, 131 (D.D.C. 2014)  5

*SEC v. Herrera*,  324 F.R.D 258 (S.D. Fla. 2017)    6

**Appendix**

## LIST OF FOIA/PRIVACY ACT REQUESTS BY AGENCY DEFENDANTS

<u>EXECUTIVE OFFICE OF US ATTORNEYS</u>

2021- 002568 submitted 7/16/2021

Status in process (according to Agency website)


In the matter of the United States versus Michael T Rand in the Western District of North Carolina, second trial date July 2014, I request all correspondence and communications between my attorneys Wilmer Hale and the US Attorney's office and its employees specifically and solely with respect to the Firm's hiring of former AUSA Matthew Martens and the concomitant conflict of interest which arose under North Carolina ethics laws and standards. period date range for search is
September 1, 2013, to August 31, 2014.


2021-002569 submitted 7/16/2021

Status in process (according to Agency website)


Regarding the investigations of myself and Beazer Homes USA Inc. in the matter of the United States versus Michael T Rand in the Western District of North Carolina, I am requesting copies of all presentations and correspondence made by Beazer Homes and its counsel to the

Department of Justice/US Attorney's office in Charlotte and/or the Securities and Exchange Commission as it relates to the accounting investigation only – if the request is deemed voluminous, I am requesting expedited treatment of a specific Seaboard factor presentation made on or about December 2007 to May 2008. Date Range for search is June 1, 2007, to August 31, 2015.

2021-002863 submitted July 22, 2021

Status in process (According to Agency Website)

I am requesting two related sets of documents related to the matter United States versus Michael T Rand from the Western District of North Carolina – indictment date August 2010 and trial dates in October 2011 and July 2014. Document set number one includes all correspondence, presentations and documents (written and/or electronic as initially provided) relating to Beazer Homes' and or their attorneys Cahill Gordon and or Alston Bird's sharing of Beazer employee and others witness interview statements obtained and shared during the investigation of Beazer and myself. The second set of documents, should it be relevant based on the EOUSA's response to question one is the explicit (or implicit) documents supporting the EOUSA 's claim of privilege not being waived, contrary of course to well-established precedent, even as disclosed on the DOJ website itself addressing investigations.
Date range of request is June 1, 2007, to July 18, 2014.

2021-003054 submitted August 20, 2021

Status: assigned for processing (According to Agency Website)

I am requesting all correspondence between former AUSA Matthew Martens and the Department of Justice, the Western District of North Carolina US attorney's office, regarding his joining the law firm of Wilmer Hale in October 2013. Specifically, I request correspondence required under the Rules of Professional Conduct concerning his prior handling of the investigation of (myself) while an assistant US attorney and his later joining my attorneys' firm which was representing me in a matter, he had confidential information thereof. I am seeking communication in both directions to and from Mr. Martens.

Date of requested documents is October 1, 2013, to July 13, 2021.

2031-003128. Submitted August 26, 2021.

Status: assigned for processing (According to Agency website)

I am requesting all correspondence and communications made by former US attorney Anne Tompkins to the Department of Justice and/or any of her superiors or colleagues including the general counsel office with respect to her conflict of interest in my criminal matter, United States versus Michael T Rand. Prior to her being appointed as US attorney for the Western District of North Carolina in April 2010, she was actively involved in my former employer Beazer Homes' investigation of myself. A 2018 update to the Department of Justice agency operating manual requires US attorneys to not only contact the General Counsel's Office, but that such investigation be transferred to another district.

Dates of requested documents are January 1, 2010, to December 31, 2019.


2021-003142 submitted August 27,2021

Status:  Assigned for processing (According to Agency website)


I am requesting Alston Bird's response to the attached request from Senator Grassley regarding the investigation of Beazer Homes which translated into my conviction. I was the lone person indicted as a result of this investigation.

Dates of requested documents are September 3, 2010, to December 31, 2015


2021-003228 submitted September 7, 2021

status:  assigned for processing (According to Agency website)


In the matter of the United States versus Michael T Rand in the Western District of North Carolina, second trial date July 2014, I request all communications between my attorneys from Wilmer Hale and the Western District of North Carolina US Attorney's office from September 2013 to 2016 regarding former AUSA Matthew Martens and the concomitant conflict of interest resulting from his joining Wilmer Hale in October 2013, as required under the North Carolina rules of conduct.


Dates of requested documents are September 1, 2013, to December 31, 2016.

2022-00815 submitted December 27, 2021

Status: Assigned for processing (According to Agency Website)

Communications between the Western District of North Carolina US Attorney's office and the EOUSA General counsel's office (or its earlier counterpart) regarding US attorney Anne Tompkins' recusal in my criminal matter United States versus Michael T Rand.

dates of requested documents- January 1, 2010, to December 31, 2018.

2022-00852 submitted January 8, 2022

Status: in process (According to Agency website)

Complaints filed, corresponding sanctions etc. regarding the misconduct of former AUSAs Matthew Martens and/or Kurt Meyers of the Western District of North Carolina US Attorney's office.

Dates of requested documents- January 1, 2007, to December 31, 2019.

2022-001434 submitted March 20, 2022

Status: assigned for processing (According to Agency Website)

The Western District of North Carolina US Attorneys' office's request sent to, and responses received from the Atlanta Regional Securities and Exchange Commission (SEC) office regarding

19

Brady material in the possession of the SEC in the matter of United States versus Michael T

Rand.

dates of requested documents- September 1, 2010, to July 31, 2014.

2022-001527. Submitted April 2, 2022

Status: assigned for processing (According to Agency Website)

In the matter of the United States versus Michael T Rand correspondence to and from the

Western District of North Carolina US Attorneys' office and the Securities and Exchange

commission regarding interview notes of any of the following witnesses: Ian McCarthy, Jim

O'Leary, Marilyn Andrea, Joavan Tseng, Richard O'Connor, David Weiss, Brendan O'Neill, Larry

Colditz and George Trippe. Dates of requested documents May 1, 2007, to July 30, 2014.

2022-001791 submitted April 29, 2022

Status: assigned for processing (According to Agency Website)

First, I apologize if this is a duplicate request. Unlike previous submissions, I have not received

an acknowledgment. In the matter of the United States versus Michael Rand (myself) I am

requesting presentations made by the Beazer Homes law firms of Alston and Bird and/or Cahill

Gordon to the Western District of North Carolina United States Attorney's office on the

following dates: November 20, 2007, December 20, 2007, January 15, 2008, April 8, 2008, and

May 16, 2008. Inarguably the above attorneys waived privilege pursuant to Fourth Circuit

precedent *In re: Martin Marietta* 1988.


Dates of requested documents - May 1, 2007, to May 16, 2008.


2023-000333 submitted November 20, 2022


Any and all interview notes and/or memorandums with respect to interviews of any Deloitte

and Touche employee or partner in the Western District of North Carolina's investigation of

Beazer Homes USA and myself. The request also covers presentations made by the law firms of

Alston and Bird and/or Cahill Gordon to the WDNC USAO of the above subject as well as

interviews made by the Securities and Exchange Commission of any Deloitte employee and

later shared with the WDNC USAO.

Dates of requested documents – June 1, 2007, to December 31, 2014


2023-001088

My name is Michael Rand My address is 419 north federal highway Apartment 413. Hallandale

beach, FL 33009 The following is a request for information/correspondence in the Western

District of North Carolina US Attorney's office files and/or the EOUSA. With respect to the

WDNC USAO investigation, indictment and criminal primal proceedings of me, Michael Tyler

Rand during the period 4/1/2010 through 12/31/2015 , I request correspondence from the

WDNC USAO to the EOUSA, the WDNC District Court, or to any of my then attorneys (Richard

Glaser Of Parker Poe, Don Samuel or Ed Garland of Garland Samuel Loeb with respect to the

recusal of then WDNC US attorney Anne Tompkins. I am willing to pay any fees involved.


Dates of requested documents – April 1, 2010 through December 31, 2015

**<u>FBI</u>**

Request number 1556060-000

Dated July 22, 2022

1.  My Privacy Act record in the Privacy Act System of Records FBI-002.

2.  All information shared by the law office of Alston Bird to the FBI concerning Beazer Homes. This includes all information presented to the FBI by Alston Bird (whether through its attorneys or directly) about Beazer Homes, along with all information provided to the FBI prior to, during, or after any meetings Alston Bird had with the FBI. At a minimum, Alston Bird had meetings with the FBI about Beazer Homes on November 20. 200, December 20, 2007, January 15, 2008, April 8, 2008, and May 16, 2008.

3.  All information shared between the FBI and the law office of Alston Bird concerning Beazer Homes from May 1, 2007, through June 30, 2014.

4.  All information aggregated, generated and/or created by the FBI, from May 1, 2007 through June 30, 2014 about Beazer Homes. This would include, but not be limited to, reports, notes taken during any meeting, investigations, and all communications (emails, memoranda, etc.)

5.  All information shared by the law office of Alston Bird to the FBI concerning me, Michael Rand. This includes all information presented to the FBI by Alston Bird (whether through

23

their attorneys or directly (about me, along with all information provided to the FBI prior to, during, or after any meetings Alston Bird had with the FBI. At a minimum, Alston Bird had meetings with the FBI on November 20, 2007, December 20, 2007, January 15, 2008, April 20, 2008, and May 16, 2008.

6. All information shared between the FBI and the law office of Alston Bird concerning me, Michael Rand, from May 1, 2007, through June 30. 2014.

7. All information aggregated, generated and/or created by the FBI, from May 1, 2007, through June 30, 2014, about me, Michael Rand. This would include, but not be limited to, reports, notes taken during any meeting, investigations, and all communications (emails, memoranda, etc.).

8. All information shared by the law office of Cahill Gordon to the FBI concerning Beazer Homes. This includes all information presented to the FBI by Cahill Gordon (whether through its attorneys or directly) about Beazer Homes, along with all information provided to the FBI prior to, during, or after the meetings Cahill Gordon had with the FBI. At a minimum, Cahill Gordon had meetings with the FBI about Beazer Homes on November 20, 2007, December 20, 2007, January 15, 2008, April 20, 2008, and May 16, 2008.

9. All information shared between the FBI and the law office of Cahill Gordon concerning Beazer Homes from May 1, 2007, through June 30, 2014.

10. All information shared by the law office of Cahill Gordon to the FBI concerning me, Michael Rand. This includes all information presented to the FBI by Alston Bird (whether through its attorneys or directly) about me, along with all information provided to the

FBI prior to, during, or after any meetings Cahill Gordon had with the FBI. At a minimum, Cahill Gordon had meetings with the FBI on November 20, 2007, December 20, 2007, January 15, 2008, April 20, 2008, and May 16, 2008.

11. All information shared between the FBI and the law office of Cahill Gordon concerning me, Michael Rand, from May 1, 2007, through June 30, 2014.

It is my understanding that some, if not all, of the above information is located in Privacy Act records about me. As such, I expect this request to be processed as a request for my Privacy Act records. Only where the records are not about me or are properly excepted, should you be defaulting to a FOIA analysis.

25

## **SEC**

Request 21-00196-FOPA renumbered 22-00151-COV

My revised/narrowed request (emailed to Joel Hansen of the SEC on December 31, 2021) was as follows:

1.  Witness interview memoranda (interview of Richard O'Connor, George Trippe, Ian McCarthy—and Marilyn Andrea) and/or similar communications or documentation regarding Alston and Bird interview of each of the above former Beazer Homes USA, Inc. employees taken during Alston and Bird's 2007-2009 investigation on behalf of Beazer's Audit Committee and shared with the SEC. My request includes any notes taken by SEC personnel.

2.  Presentation materials provided to the SEC during Beazer/Cahill Gordon's presentation of the June 2008 Seaboard Factor Memorandum. My request encompasses any notes taken by SEC personnel.

26

27