UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:24-cv-631-MOC-DCK

| | | |
|---|---|---|
| MICHAEL T. RAND, pro se, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | **ORDER** |
| | ) | |
| UNITED STATES SECURITIES AND | ) | |
| EXCHANGE COMMISSION, ET AL., | ) | |
| | ) | |
| Defendants. | ) | |

**THIS MATTER** is before the Court on Plaintiff's pro se Motion for Judicial Review of Conflict of Interest, (Doc. No. 38). Defendant has filed a response, and Plaintiff has filed a reply. (Doc. Nos. 45, 46). This matter is ripe for disposition.

I. **BACKGROUND AND DISCUSSION**

In this action, pro se Plaintiff Michael Rand has filed claims against "Executive Office of US Attorneys," the Federal Bureau of Investigation, and the U.S. Securities and Exchange Commission, asserting claims under the Freedom of Information Act. On July 5, 2024, the U.S. District Court for the Southern District of Florida ordered this case transferred to this district. The case was originally filed in the Southern District of Florida on April 28, 2023. The case there was administratively closed and/or stayed, and the parties periodically submitted status reports, the most recent of which was the Joint Status Report filed April 8, 2024, Doc. No. 28, which recounted a summary of the history of the case, which primarily concerns Plaintiff's prior FOIA requests to or with respect to one or more of the above-named Defendants, all agencies or agency components of the United States. This case is related to at least two prior cases before this Court,

1

United States v. Michael T. Rand, Case No. 3:10-cr-182-RJC, and Michael T. Rand v. United States, Case No. 3:17-cv-687-RJC.

After transfer to this district, the United States Attorney for the Western District ("USAO") assumed representation of Defendants. The USAO explains in its response to Plaintiff's motion that, at that time, the Assistant United States Attorney assigned to the case had no connection to this case, the prior FOIA requests, or any prior case relating to Plaintiff. After transfer, Plaintiff moved to re-open the case, Doc. No. 35, which in effect was a motion to end the stay, despite ongoing work by Defendants to respond to Plaintiff's remaining FOIA requests. That motion is pending.

Since then, Plaintiff filed the pending motion, which asserts that "[t]he [AUSA] currently assigned to represent the Defendants in this FOIA litigation is employed by the same U.S. Attorney's Office that Plaintiff has asserted committed the Brady and other constitutional violations," Doc. No. 38, ¶ 2, in an "underlying matter," Doc. No. 38, ¶ 1. According to Plaintiff, "[t]his situation presents a significant conflict of interest, as the AUSA may have divided loyalties between defending their (sic) office, complying with FOIA obligations, and complying with several ethical rules and guidelines." Doc. No. 38, ¶ 3. Plaintiff cites in furtherance of this proposition ABA Model Rule 1.7, the Justice Manual § 1-4.000, and 28 C.F.R. § 45.2.

The motion is **DENIED** for the reasons stated in the Government's brief. That is, Plaintiff simply does not state sufficient grounds to show a conflict of interest in this matter.

## ORDER

Plaintiff's pro se Motion for Judicial Review of Conflict of Interest, (Doc. No. 38), is **DENIED**.

2

Signed: December 10, 2024

Max O. Cogburn Jr
United States District Judge